UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEVIN SMITH & DUSTIN SMITH Co-Personal Representatives of the ESTATE OF MARY K. OSTRY, Deceased, and DEVIN SMITH, Individually, | ) ) ) ) ) ) | CASE NO. CI17-_____ |
| Plaintiffs, | ) ) | **COMPLAINT AND JURY DEMAND** |
| vs. | ) ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | |
| Defendant. | ) | |

COMES NOW the plaintiffs, Devin Smith and Dustin Smith, Co-Personal Representatives of the Estate of Mary K. Ostry, Deceased, and Devin Smith, Individually, and for their cause of action against the defendant, states and alleges as follows:

1. Devin Smith and Dustin Smith are residents of the State of Nebraska;

2. On or about December 29, 2015, Devin Smith and Dustin Smith were appointed by the County Court of Platte County, Nebraska, as Co-Personal Representatives of the Estate of Mary K. Ostry in a case under the style and caption of *In the Matter of the Estate of Mary K. Ostry, Deceased,* PR15-164;

3. Mary K. Ostry died on November 28, 2015;

4. At all relevant times herein and up to the date upon which she died, Mary Ostry was an employee of Becton Dickinson & Company (hereinafter "BD");

5. Life Insurance Company of North America (hereinafter "LICNA") is an insurance company authorized to do business in the State of Nebraska;

6. Defendant LICNA issued a policy or policies of insurance to BD including but not limited to Group Accident Policy OK 980068 for accidental life insurance coverage for eligible persons who were

   employees of BD.

7. The policy of insurance issued by defendant LICNA became effective on January 1, 2006 and the policy was renewed January 1, 2007 and each year thereafter;

8. The policy of insurance issued by LICNA was in full force and effect on November 28, 2015;

**THEORY OF RECOVERY NO. 1-BREACH OF CONTRACT**

9. Subsequent to the death of Mary Ostry, Devin Smith and Dustin Smith, Co-Personal Representatives, and Devin Smith, Individually, submitted a claim for benefits under the policy of insurance issued by LICNA;

10. Plaintiffs have complied with all conditions precedent and required of them under the policy for payment of benefits arising out of the death of Mary K. Ostry;

11. Defendant LICNA has breached the terms of the policy by failing and refusing to pay any amount to the plaintiffs for their claim or for benefits afforded to them under the policy;

12. As a direct cause of the breach of contract by defendant, plaintiffs have been damaged in an amount to be proven at Trial with said amount to be, at least, the aggregate amount of the limits of the accidental death benefit coverage under the policy which, upon information and belief, is the sum of $200,000.00;

13. As a direct result of the breach of contract by defendant, plaintiffs are entitled to an award of attorney's fees and costs in this litigation by virtue of §44-359 of the Nebraska Revised Statutes, as amended;

**THEORY OF RECOVERY NO. 2-BAD FAITH**

14. Plaintiffs hereby incorporate paragraphs 1 through 13 as if fully set forth herein;

15. On or about November 17, 2016, Mike J. Of Cigna Group Insurance, the presumptive administrator and adjuster for the policy of insurance

at issue herein, sent or caused to be sent to counsel for the plaintiffs a letter purportedly denying the claim for accidental death benefits to plaintiffs as a result of the death of Mary K. Ostry;

16. Upon information and belief, Mike J. is an employee or agent of Cigna Group Insurance, acting on behalf of defendant LICNA;

17. Defendant has unreasonably and in bad faith refused to fulfill their duties under the policy;

18. Defendant has no reasonable basis for refusing to adjust and pay the claim of plaintiffs;

19. The unreasonable and bad faith actions of defendant constitute a willful and wanton disregard for the rights of plaintiffs, individually and collectively, and are the proximate cause of actual damage to plaintiffs;

20. Plaintiffs are entitled to an award of damages at the time of Trial for the bad faith of the defendant

WHEREFORE, plaintiffs demand judgment against defendant in an amount to be proven at the Trial of this matter but not less than the sum of $200,000.00, with pre-judgment and post-judgment interest thereon according to and provided for by law, for attorney's fees pursuant to §44-359 of the Nebraska Revised Statutes, as amended, and for costs of this suit.

## DEMAND FOR JURY TRIAL

Plaintiffs demand Trial by jury of all issues referred to in this Complaint.

DEVIN SMITH & DUSTIN SMITH, Co-Personal Representatives of the ESTATE OF MARY K. OSTRY, Deceased, and DEVIN SMITH, Individually, Plaintiffs.

By /s/ Ronald E. Temple
   One of Their Attorneys    #20625
   FITZGERALD, VETTER, TEMPLE & BARTELL
   1002 Riverside Blvd., Suite 200
   P.O. Box 1407
   Norfolk, NE 68702-1407
   Tel. (402) 371-7770
   Email: rtemple@fvtlawyers.com